IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 05-cv-02510-MEH-CBS

WILLIAM COUMERILH,

    Plaintiff;

v.

TRICAM INDUSTRIES, INC.; and
RMM CORPORATION,
d/b/a Tricam International;

    Defendant.

---

ORDER ON MOTION TO STRIKE TESTIMONY
OF DEFENDANTS' EXPERT JON VER HALEN

---

Plaintiff has filed a Motion to Strike Testimony of Defendants' Expert Jon Ver Halen (Docket #34). The Court held a hearing on this matter on November 16, 2006. The day before the hearing, Defendants filed their Offer of Proof in Connection with Plaintiff's Motion to Strike Testimony of Defendants' Expert Jon Ver Halen ("Offer of Proof") (Docket #58). The Court permitted Plaintiff to respond, which Plaintiff has done (Docket #66). At the November 16, 2006 hearing, Defendants' counsel represented that their Offer of Proof adequately stated their position on this issue without having to conduct a *Daubert* hearing. Accordingly, the Court does not believe that further oral argument or an evidentiary hearing would be helpful in the resolution of this matter.

I.    Background

The lawsuit involves the failure of a ladder (an "AL-22) on which Plaintiff was standing, injuring the Plaintiff. Plaintiff alleges that the testimony of one of Defendants' experts, Mr. Ver

Halen's, concerning the ladder should be excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In their Offer of Proof, Defendants contend that Mr. Ver Halen would testify that:

1. The ladder is rated as Type IA and is capable of supporting 1200 pounds on each step.
2. The AL-22 model underwent stepladder performance tests that determine its stability and structural integrity.
3. The AL-22 meets ANSI performance requirements.
4. The AL-22 meets Tri-Cam's specifications.
5. The AL-22 is manufactured from aluminum alloy 6063 with T6 hardness.
6. He visually examined the ladder in question.
7. The ladder could not have fractured as it did, in the ordinary stepladder mode.
8. The load from Plaintiff's climbing and operation of the ladder could not reasonably be the cause of the hinge fractures.
9. He performed the following tests on an exemplar:
    a. Notched one of the hinges of the ladder through both leafs.
    b. Cut out the outer leaf from the hinge.
    c. Pushed the thus-damaged ladder 10 times over a rough concrete surface a distance of five feet.
    d. Loaded the ladder to 2000 pounds.
    e. Climbed and moved around on the ladder (Mr. Ver Halen weighs 235 pounds).
    f. Pushed a 100-pound load at the fourth step of the ladder while forcing the real legs against a fixed object.
    g. Loaded the ladder again to 2000 pounds.
    h. Climbed the ladder again and moved "dynamically."
10. The probable cause of the ladder's failure was Plaintiff's falling on the ladder.

The Court understands that the first five of these are undisputed, and would not be an issue at trial. As for the remainder, the Plaintiff argues that Mr. Ver Halen's testimony does not constitute analysis utilizing the scientific method. Indeed, nowhere in their Offer of Proof do Defendants contend that anything Mr. Ver Halen did comports with the scientific method. They merely explain that his analysis and testing was conducted to rebut the Plaintiff's allegation concerning the mechanism of the alleged failure of the ladder.

II.     Analysis

Rule 702, Fed. R. Civ. P., imposes on this Court a gatekeeper function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.  The Tenth Circuit has instructed that this Court must "focus on an expert's methodology rather than the conclusions it generates."  *Goebel v. Denver and Rio Grande Western R. Co.*, 346 F.3d 987 (10th Cir. 2003).  Such methodology must be both scientifically valid and applicable to the particular set of facts.  *Daubert*, 509 U.S. at 592-93.  An expert's inferences or assertions

> "must be derived by the scientific method . . . [and] must be supported by appropriate validation - *i.e.* 'good grounds,' based on what is known."  *Id.*  While expert opinions "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation, ⋯ absolute certainty is not required."  *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir. 1995) (quotation omitted).  "The [proponent] need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community."  *Mitchell v. Gencorp Inc.,* 165 F.3d 778, 781 (10th Cir.1999).  Instead, the [proponent] must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts that satisfy Rule 702's reliability requirements.  *Id.*

*Goebel*, 346 F.3d at 991.  No matter what Mr. Ver Halen's qualifications are, the Court may not permit unscientific methodology even by a genuine scientist.  *Id.* at 992 (citing *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 318 (7th Cir. 1996).  Any expert must base testimony upon "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Even one step in the process, which renders the analysis unreliable, renders the expert's testimony inadmissible.  *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999).

In this situation, the Defendants have not attempted to associate Mr. Ver Halen's actions with any scientific method. There is not a single statement the Court could find in which the Defendants assert that "the method employed by the expert in reaching the conclusion is scientifically sound." *Mitchell,* 165 F.3d at 781. They simply proffer that these were the tests he performed, and they led him to certain conclusions. "[P]roviding only an ultimate conclusion with no analysis is meaningless." *Huey v. United Parcel Service, Inc.*, 165 F.3d 1084, 1087 (7th Cir. 1999). They do not state whatsoever that he followed any particular methodology in performing the tests. They provide no literature of any kind substantiating his actions. Unscientific tests do not satisfy the *Daubert* requirements. *Pries v. Honda Motor Co., Ltd.*, 31 F.3d 543, 545 (7th Cir. 1994). Accordingly, the Defendants have not provided the Court with an adequate factual or scientific basis to admit Mr. Ver Halen's testimony with regard to certain of his conclusions. Specifically, the Court does not believe that the following proposed testimony is permissible under *Daubert*:

> 7. The ladder could not have fractured as it did, in the ordinary stepladder mode.
> 10. The probable cause of the ladder's failure was Plaintiff's falling on the ladder.

The Court does not believe that Defendants have provided a sufficient predicate for Mr. Ver Halen to make these conclusions. There is simply "too great an analytical gap between the data and the opinion[s] proffered" in these paragraphs. *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).

On the other hand, Mr. Ver Halen, whose engineering qualifications Plaintiffs do not contest, performed sufficient testing to state that the AL-22 could not reasonably have been fractured through the ordinary uses about which the Plaintiff has testified. Through Mr. Ver Halen, Defendants may put on evidence of the AL-22's compliance with ANSI and Tri-Cam's specifications, or any of the other facts stated or the opinion expressed in numbers 1-6, 8, and 9 above.

4

Therefore, for the foregoing reasons, Plaintiff's Motion to Strike (Docket #34) is **granted in part** and **denied in part** as directed herein.

Dated at Denver, Colorado this 14th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge