IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 05-cv-02510-MEH-CBS

WILLIAM COUMERILH,

      Plaintiff;

v.

TRICAM INDUSTRIES, INC.; and
RMM CORPORATION,
d/b/a Tricam International;

      Defendant.

---

**ORDER ON DEFENDANTS' PRETRIAL EVIDENTIARY MOTIONS**
---

Pending before the Court are various Motions in Limine filed by the Defendants on January 10, 2007 (Dockets #77 thru #93). Responses have been filed to these motions, and the Court finds that neither the filing of replies nor oral argument would assist in the resolution of any of these motions. *See* D.C.COLO.LCIVR 7.1.C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Accordingly, the motions are hereby decided as follows:

**A.**     **Defendants' Motions in Limine Filed on January 10, 2007**

    1.     Docket #77

The document filed by the Defendants at Docket #77 is purported to be a "Motion in Limine to Preclude Expert Testimony that large Grain Size Caused Hinge Failure," under the descriptor entered into the record when the document was filed. However, when accessing the document on the Court's ECF system, the motion that appears is a two-page document (with a three-page attached exhibit) titled "Defendants' Motion in Liine [sic]," setting forth one sentence: "Defendants Tricam

Industries, Inc., and RMM Corporation respectfully submit the following Motion in Limine:," and nothing more. This filing is not a proper motion. *See* Rule 7(b)(1) Fed. R. Civ. P. (requiring that all requests or motions must state "with particularity" the grounds for relief being sought and the relief being requested). On January 22, 2007, the Defendants noted the deficiency of this motion, and filed a "supplement" to it (Docket #99), in which they clarify that under the motion, they are seeking to exclude any testimony from Plaintiff's expert "that large grain size caused hinge failure."  In response, the Plaintiff argues that grain size is an issue upon which his expert opined. The Court will need more context in order to render an informed ruling on this issue. The Court agrees that the testimony of Plaintiff's expert provided by Defendants shows his inability to state with precision the effect that the grain size had on the ladder at issue in this lawsuit, but that is appropriate for cross examination and impeachment. "'*Daubert* requires only scientific validity for admissibility, not scientific precision.'" *Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1230 (8th Cir. 1994) (citation omitted). Therefore, the Motion *in Limine* to Preclude Expert Testimony that Large Grain Size Caused Hinge Failure is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

2. Docket #78

Defendants have moved to exclude any testimony from Plaintiff's expert "that the stamping process caused hinge failure." As Plaintiff argues, the stamping process is an issue upon which his expert opined. Again, the Court will need more context in order to address this issue. The Court agrees that the testimony of Plaintiff's expert provided by Defendants shows his inability to state with precision the effect that the stamping process had on this ladder, but that is appropriate for cross examination and impeachment. "'*Daubert* requires only scientific validity for admissibility, not

scientific precision.'"  *Pioneer Hi-Bred Int'l*, 35 F.3d at 1230 (citation omitted).  Therefore, the Motion *in Limine* to Preclude Expert Testimony that the Stamping Procss Caused Hinge Failure is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

      3.     Docket #79

Defendants have moved to exclude any testimony from Plaintiff's expert "that the ladder's pre-accident condition did not meet ANSI standards."  The parties agree that the design of the ladder met those standards.  The parties also agree that this specific ladder was not subjected to tests for compliance with the ANSI standards prior to its sale to Plaintiff.  Given these undisputed facts, the Court agrees that no expert may testify that *this ladder's design* did not meet ANSI standards, nor that *this ladder* did not meet those standards.  Whatever other effect that the ANSI standards have on the evidence to be admitted at trial, will be left for trial.  Therefore, Defendants' Motion *in Liine* [sic] to Preclude Expert Testimony that the Ladder's Pre-Accident Condition Did Not Meet ANSI Standards is **granted**.  However, Plaintiff is correct in arguing that if Defendants introduce evidence that the ladder met ANSI standards, he may introduce evidence that this particular ladder was never tested.

      4.     Docket #80

Defendants have moved to exclude any testimony from Plaintiff's expert "that manufacturing defects reduced hinge strength."  As Plaintiff argues, both materials and manufacturing processes are matters upon which his expert opined.  The Court will need more context in order to address this issue.  The Court agrees that the testimony of Plaintiff's expert provided by Defendants shows his inability to state with precision the effect that the manufacturing process had on this ladder, but that

is appropriate for cross examination and impeachment. "'*Daubert* requires only scientific validity for admissibility, not scientific precision.'" *Pioneer Hi-Bred Int'l*, 35 F.3d at 1230 (citation omitted). Therefore, the Motion *in Limine* to Preclude Expert Testimony that Manufacturing Defects Reduced Hinge Strength is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

5. Docket #81

Defendants have moved to exclude any reference at trial to the fact that they have insurance, citing Fed. R. Evid. 401, 411. Plaintiff concedes the motion except as to fact witness Gary Coulson, an investigator connected with the Defendants' insurer. Plaintiff argues that under Fed. R. Evid. 411, he may cross examine Mr. Coulson on the issues of bias and prejudice. The Court agrees. The Motion *in Limine* to Preclude Reference to Insurance is **granted in part**, but **denied in part** with respect to the cross examination of Mr. Coulson concerning bias and prejudice.

6. Docket #82

By this motion, the Defendants request that the Court bar any testimony, comment, or proffer of evidence at trial concerning settlement. Plaintiff concedes the motion. Therefore, Defendants' Motion *in Limine* to Preclude Reference to Settlement is **granted**.

7. Docket #83

Defendants move to exclude testimony regarding other claims involving the AL-22 ladder. Plaintiff represents that he will not offer any evidence of other claims involving the AL-22 ladder, unless Defendants' expert opens the door. The Court agrees. The Motion *in Limine* to Preclude Testimony Regarding other Claims Involving AL-22 Ladders is **granted in part**, without prejudice, and **denied in part**. At trial, Plaintiff shall not offer any evidence of other claims involving the AL-22

ladder, unless the Defendants open the door to the relevance of such evidence.

8. Docket #84

Defendants seek to exclude any reference to expert Jon Ver Halen's testimony in other cases. Plaintiff contends that he should be permitted to cross examine Mr. Ver Halen regarding his numerous appearances as an expert for Defendants in other cases in which he was paid for his work. The Court believes that such examination is relevant on the issue of bias and interest. In any other respect, Plaintiff has committed to refrain from cross examining Mr. Ver Halen on his work in those other cases unless Defendants open the door of relevance during Mr. Ver Halen's direct examination. The Court agrees. The Motion *in Limine* to Preclude Testimony Regarding Jon Ver Halen's Testimony in other Cases is **granted in part** without prejudice in the event Defendants open the door to the relevance of such evidence, and **denied in part** as to bias and interest.

9. Docket #85

Defendants move to exclude any reference to ladders other than the AL-22. Plaintiff argues that he may introduce evidence that the Defendants used a ladder known as the Little Giant ladder as the design for the AL-22. Plaintiff also argues that his expert will provide an alternative design for the type of ladder which is the subject of this case. Otherwise, Plaintiff concedes the motion. Accordingly, the Motion *in Limine* Precluding Testimony Regarding Quality of Other Manufacturers' Ladders is **granted in part** and **denied in part** with regard to the Little Giant ladder and Mr. Schwartzberg's alternate design.

10. Docket #86

Defendants move to exclude any reference "that any feature of the AL-22 ladder was designed as a result of concern by Tricam that the ANSI test requirements for ladders is insufficient or that the

accident ladder model contained a design defect." As Plaintiff argues, the motion provides insufficient information to allow the Court to make a ruling. Therefore, the Motion *in Limine* to Preclude Testimony Regarding the Motivation Underlying the Design of the AL-22 Ladder is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

    11.    Docket #87

Defendants move to exclude any reference from Plaintiff's expert "regarding a product's designer's or manufacturer's 'responsibility' to the consumer," or concerning "a treatise regarding product design [which] establishes a legal requirement." Again, the motion provides insufficient information to allow the Court to make a ruling, and the Court will need a context in order to address this issue. Therefore, the Motion *in Limine* to Preclude Testimony Regarding Duty and Legal Requirements is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

    12.    Docket #88

Defendants move to exclude any reference from Plaintiff's expert "that the subject ladder was defective because the 'red' paint on the hinge mechanism can be seen even though the hinge locks are locked." As Plaintiff argues, the facts surrounding whether the hinge was locked are disputed. The Court will need more context in order to address this issue. Therefore, the Motion *in Limine* to Preclude Testimony of a Defect in the Hinge Lock Mechanism is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

    13.    Docket #89

Defendants move to exclude any reference from Plaintiff's expert "that Plaintiff fractured the hinges before his accident." This appears to be one of the central issues in the case. The Court will

need more context in order to address this issue. Therefore, the Motion *in Limine* to Preclude Expert Testimony that Plaintiff Fractured the Hinges before His Accident is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

      14.     Docket #90

Defendants seeks to exclude any reference to the fact that initially in this litigation, they produced to the Plaintiff the incorrect design print for the ladder at issue, and represented for quite some time that it was the correct print. Only later in the litigation did they produce the correct design print. Plaintiff does not dispute that the print which the Defendants call the "correct" print is, indeed, the correct print. Plaintiff also does not provide evidence that this was anything other than a mistake. Rather, Plaintiff contends that his expert relied on the incorrect print in much of his work product, and production of the incorrect print should be admissible on issues of credibility of Defendants and the efforts engaged in by Plaintiff's expert. The Court must preserve the truth-determining function of a trial. *Young v. Workman*, 383 F.3d 1233, 1239 (10th Cir. 2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 414-15 (2000)). Based on the present record, the Court does not believe the production of the incorrect design print assists in finding the truth. They may be (or may have been) remedies available for Defendants' conduct during the litigation, but introduction of a design print that did not serve as the basis for the ladder in question is not one of those remedies. However, the Court does not have sufficient information at this time to make any other ruling concerning the incorrect design print (*e.g.*, if the correct design print evolved from the incorrect print, and the new print incorporated changes, and those changes are relevant to design issues in this case). Defendants' Motion *in Limine* to Preclude Testimony Regarding the Incorrect Design Print is **granted** with respect to its use with an intent to cast Defendants in a bad light and regarding the effort in which Plaintiff's expert had to

engage in analyzing the wrong design print, and **denied** without prejudice in all other respects.

15. Docket #91

Defendants move to exclude any reference from Plaintiff's expert "that Plaintiff's movement of the ladder immediately before his accident caused the hinge leaf failures." As Plaintiff argues, the facts surrounding whether the movement of the ladder across a rough concrete surface are disputed. The Court will need more context in order to address this issue. The Court agrees that the testimony of Plaintiff's expert provided by Defendants shows equivocation, but that is appropriate for cross examination and impeachment. Therefore, the Motion *in Limine* to Preclude Testimony that Ladder Movement Caused the Hinge Fractures is **denied** without prejudice, subject to raising the objection in context at the trial, *if founded in law or fact*.

16. Docket #92

Defendants move to exclude any testimony by any non-expert witness concerning any medical diagnoses or prognoses of Plaintiff's physical condition. Plaintiff concedes the motion, with the proviso that Plaintiff and his spouse will testify to facts concerning his condition before and after the accident. Therefore, Defendants' Motion *in limine* to Preclude Non-Expert Medical Testimony is **granted**.

17. Docket #93

Defendants move to exclude any testimony concerning any loss of earning capacity by Plaintiff. Plaintiff concedes the motion. Therefore, Defendants' Motion *in limine* to Preclude Testimony of Lost Earning Capacity is **granted**.

**B.      Noncompliance with D.C.COLO.L.Civ.R. 7.1(A)**.

Defendants' counsel failed to confer with Plaintiff's counsel concerning any of the foregoing motions. To have done so would have significantly reduced the proceedings in this case, as is evident from Plaintiff's responses to many of the motions. Local Rule 7.1.A provides that before filing any motion, other than motions under Fed. R. Civ. P. 12 or 56, the party seeking to file the motion must make reasonable, good-faith efforts to confer with opposing counsel in an attempt to resolve a disputed matter. By failing to confer or attempt to confer, unnecessary motions may be filed. Resolving disputes that the parties themselves could have resolved, needlessly expends resources that could better be utilize elsewhere.

The Defendants' violation of the local rules has caused time and expense to the Plaintiff's counsel and the Court. A sanction is warranted. Under 28 U.S.C. § 1927, the "inquiry is whether the proceedings have been unreasonably and vexatiously multiplied." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006). Section 1927 is available only against attorneys. *Id.* at 1222. An attorney is liable only for excess costs, expenses, and fees reasonably incurred because of his unreasonable and vexatious multiplication of proceedings. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). As the Plaintiff's responses to the Defendants' motions filed at Dockets #79, #81, #82, #83, #84, #85, #89, #90, #92, and #93, together with the Court's analysis above, demonstrate, if Defendants had conferred or attempted to confer prior to the filing of these motions, they would have learned that the matters either were not disputed or were matters that could have at least been partially resolved without resort to the Court. The Court believes that a sanction of $100.00 for each of these 10 motions is appropriate. Defendants' counsel are to pay this sanction to the Plaintiff for attorney's fees and costs on or before March 1, 2007.

**C.     Conclusion.**

As more fully set forth above, and based upon the foregoing and the entire record herein, it is hereby **ORDERED** as follows:

1. Defendants' Motion in Liine (sic) [Filed January 10, 2007; Docket #77] and Defendants' Supplement to the Motion in Limine to Preclude Expert Testimony That Large Grain Size Caused Hinge Failure (Docket #97) are **denied**, without prejudice.

2. Defendants' Motion in Liine (sic) to Preclude Expert Testimony That the Stamping Process Caused Hinge Failure [Filed January 10, 2007; Docket #78] is **denied**, without prejudice.

3. Defendants' Motion in Liine (sic) to Preclude Expert Testimony That the Ladder's Pre-Accident Condition Did Not Meet ANSI Standards [Filed January 10, 2007; Docket #79] is **granted**.

4. Defendants' Motion in Liine (sic) to Preclude Expert Testimony That Manufacturing Defects Reduced Hinge Strength [Filed January 10, 2007; Docket #80] is **denied**, without prejudice.

5. Defendants' Motion in Limine to Preclude Reference to Insurance [Filed January 10, 2007; Docket #81] is **granted in part** and **denied in part.**

6. Defendants' Motion in Limine to Preclude Reference to Settlement [Filed January 10, 2007; Docket #82] is **granted**.

7. Defendants' Motion in Limine to Preclude Testimony Regarding Other Claims Involving AL-22 Ladders [Filed January 10, 2007; Docket #83] is **granted in part** and **denied in part**.

8. Defendants' Motion in Limine to Preclude Testimony Regarding Jon Ver Halen's Testimony in Other Cases [Filed January 10, 2007; Docket #84] is **granted in part** and **denied in part**.

9. Defendants' Motion in Limine Precluding Testimony Regarding Quality of Other Manufacturers' Ladders [Filed January 10, 2007; Docket #85] is **granted in part** and **denied in part**.

10. Defendants' Motion in Limine to Preclude Testimony Regarding the Motivation Underlying the Design of the AL-22 Ladder [Filed January 10,

2007; Docket #86] is **denied**, without prejudice.

11. Defendants' Motion in Limine to Preclude Testimony Regarding Duty and Legal Requirements [Filed January 10, 2007; Docket #87] is **denied**, without prejudice.

12. Defendants' Motion in Limine to Preclude Testimony of a Defect in the Hinge Lock Mechanism [Filed January 10, 2007; Docket #88] is **denied**, without prejudice.

13. Defendants' Motion in Limine to Preclude Expert Testimony That Plaintiff Fractured the Hinges Before His Accident [Filed January 10, 2007; Docket #89] is **denied**, without prejudice.

14. Defendants' Motion in Limine to Preclude Testimony Regarding the Incorrect Design Print [Filed January 10, 2007; Docket #90] is **granted in part** and **denied in part.**

15. Defendants' Motion in Limine to Preclude Testimony That Ladder Movement Caused the Hinge Fractures [Filed January 10, 2007; Docket #91] is **denied**, without prejudice.

16. Defendants' Motion in Limine to Preclude Non-Expert Medical Testimony [Filed January 10, 2007; Docket #92] is **granted**.

17. Defendants' Motion in Limine to Preclude Testimony of Lost Earning Capacity [Filed January 10, 2007; Docket #93] is **granted**.

It is further **ORDERED** that on or before March 1, 2007, Defendants' counsel are to pay a sanction of $1,000.00 to the Plaintiff for attorney's fees and costs in this regard.

Dated at Denver, Colorado this 5th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge