IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 05-cv-02510-MEH-CBS

WILLIAM COUMERILH,

    Plaintiff;

v.

TRICAM INDUSTRIES, INC.; and
RMM CORPORATION,
d/b/a Tricam International;

    Defendant.

**ORDER ON PLAINTIFF'S MOTION *IN LIMINE* TO LIMIT TESTIMONY OF DEFENDANTS' EXPERTS CRAIG SCHOOF AND ROBERT CLARK**

Plaintiff moves to prohibit certain testimony by Defendants' experts [Docket #76]. Plaintiff claims that certain of these experts' opinions are (1) based on work performed after the relevant deadlines in this case, and (2) beyond the qualifications of the experts.

**A.     Dr. Clark**

Plaintiff contends that Dr. Clark is a metallurgist who is purporting to render an opinion that the AL-22 ladder at issue in this case did not collapse as Plaintiff alleges, but that Plaintiff was standing on the ladder, kicked it causing it to tip forward, fell on the ladder, and the force of the fall caused the ladder to fail. He has also opined that 180-360 pounds of force was required to fracture the hinge on the ladder. Plaintiff contends that these conclusions are beyond the legal competency and qualifications of a metallurgist and, further, that these opinions were not formed until right before Clark's deposition on December 12, 2006, when Clark reviewed Dr. Schoof's analysis of the cause

of the ladder failure (which analysis is also argued to be belated, as discussed below).

As for Dr. Clark's qualifications, Defendants reference his education (which indeed deals with metallurgy) and the fact that for many years, he has been associated with firms that provided forensic engineering. Defendants do not address Dr. Clark's specific responsibilities in these firms or whether his work went beyond providing the metallurgical aspects of forensic engineering, with other experts in the firm working on the engineering/design aspects of forensic engineering. The Court does not have sufficient information nor context to determine at this time what opinions Dr. Clark will be allowed to present in light of his qualifications. Therefore, Plaintiff's motion will be **denied** without prejudice insofar as it concerns Dr. Clark's qualifications to render opinions to which Plaintiff objects. Indeed, in light of the Court's conclusion in the following paragraphs, this issue may be moot. However, both parties are on notice that the Court will not permit any expert to render an opinion at trial concerning any subject matter outside the expert's qualifications, and counsel should prepare their case accordingly.

As for the timing of Dr. Clark's conclusions, independent of whether he would otherwise be permitted to make those conclusions at trial based on his qualifications, Fed. R. Civ. P. 26(a)(2) requires that expert reports must "contain a complete statement of all opinions to be expressed." If an expert expresses opinions beyond those provided in his report, absent substantial justification, the party offering the expert is not permitted to use the information that was not disclosed. Fed. R. Civ. P. 37(c)(1). If Rule 26(a)(2) has been violated, which is clear here, the Court must exclude the supplemental opinions unless the violation is justified or harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Although the Tenth Circuit does not require explicit findings on this issue, the factors the Court should consider in determining the nature of the violation are as

follows: "(1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir.1999).

Citing the *Woodworker's Supply* factors, Plaintiff first alleges prejudice. He contends that counsel was unable to adequately prepare for the depositions of Dr. Clark in December 2006, because counsel did not know about the new opinions, opinions that may be critical to a finding of liability. Without doubt, Plaintiff is correct that in a case such as this, in which liability will be established almost exclusively by competing expert testimony, a fair opportunity to prepare for and defend against an opponent's expert at trial is *the* critical part of the trial. Plaintiff also argues that he is unable to cure the prejudice this late in the case, only two weeks before trial. There is prejudice here, and the Court doubts that this prejudice can be cured without disrupting the trial. This trial is set for a full week, and the Court would not have another full, open week on its calendar until the fall. Thus, it appears to the Court that Plaintiff has made a sufficient showing to meet the first three factors.

As for the fourth factor, although the Court does not have any record of bad faith or wilfulness, it is disturbing that the additional tests and analyses were conducted many months after the Dr. Clark's report and only in the few days prior to the December 2006 deposition. Defendants contend that Dr. Schoof's and Dr. Clark's additional work was precipitated by voids in Mr. Schwartzburg's analysis in his rebuttal expert report, but according to Defendants' Exhibit J, that rebuttal report was issued in July 2006. Defendants do not provide sufficient excuse not only to wait so many months to conduct the additional tests and analyses, but also to fail to disclose these additional matters to Plaintiff's counsel prior to the deposition. Had the Defendants been more timely in requiring the additional work by their experts and then providing some adequate notice to

Plaintiff's counsel prior to the experts' depositions, the Court's conclusion might be different. Indeed, the proper procedure here was for the Defendants to file a motion to permit their experts to supplement their reports, and not merely wait for the depositions (so close to the time of trial) to disclose their additional opinions. *Jacobson*, 287 F.3d at 952. *See Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004) ("[O]n occasion it may be appropriate to permit the party using the expert to submit supplements to the report in response to assertions by opposing experts that there are gaps in the expert's chain of reasoning. A court's failure to permit such supplementation could even constitute an abuse of discretion in some circumstances."). Such supplementation has never been sought here.

As it stands, the Court cannot find, on this record, that the late disclosure was justified or harmless. The parties to a federal lawsuit that is on the verge of trial must refrain from last minute surprises, especially in an area so crucial to the case as the experts' opinions are here. The motion will be **granted**, and all experts, both Plaintiff's and Defendants', will be limited to those opinions and testimony that are reasonably related to the matters disclosed in their expert reports.

### B.     Dr. Schoof

Plaintiff took Dr. Schoof's deposition on December 12, 2006. Plaintiff contends that at that deposition, Dr. Schoof disclosed that subsequent to his expert report, he conducted an elastic-plastic computer analysis of the AL-22, calculations regarding the configurations of the locking pin on the AL-22's hinge, and a physical analysis of an exemplar ladder. He rendered additional opinions on these matters, beyond those contained in his expert report. These tests were done in the days prior to his deposition. For the same reasons expressed above, Dr. Schoof's testimony at trial will be limited to those opinions and testimony that are reasonably related to the matters disclosed in their

expert reports, and with regard to Dr. Schoof, the Plaintiff's motion is **granted.**

Accordingly, Plaintiff's Motion in Limine to Limit the Testimony of Defendant's Experts Craig Schoof and Robert Clark [Filed January 10, 2007; Docket #76] is **granted in part** and **denied in part** as set forth herein.

Dated at Denver, Colorado this 7th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge