IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 05-cv-02510-MEH-CBS

WILLIAM COUMERILH,

      Plaintiff;

v.

TRICAM INDUSTRIES, INC.; and
RMM CORPORATION,
d/b/a Tricam International;

      Defendant.

---

## ORDER ON DEFENDANTS' OBJECTIONS
## TO PLAINTIFF'S EXHIBITS 6, 7, AND 10

---

      Plaintiff has requested a Court ruling in advance of trial concerning Defendants' objections

to Plaintiff's Exhibit Nos. 6, 7, and 10.  Accordingly, the Court rules as follows:

1.    <u>Exhibit No. 6</u>:

      Exhibit No. 6 is a collection of documents from Plaintiff's visit to the emergency department

of Mercy Medical Center in Durango, Colorado on December 15, 2003.  At the hearing before the

Court on February 16, 2007, Defendants represented that they do not object to the authenticity of

the documents.  Therefore, Defendants' objections are based solely on "lack of foundation that the

bills are reasonable and causally related to Plaintiff's accident."  Plaintiff claims surprise, contending

that the parties had previously stipulated to the admissibility of medical records.

      The billing records concern treatment provided to Plaintiff on December 15, 2003 (two days

after the accident at issue here), January 16, 2004, May 13-16, 2004, August 27, 2004, and June 27,

2005.  The medical records that are part of Exhibit No. 6 relate solely to treatment provided on December 15, 2003.  With regard to the records relating to treatment, the Court believes that sufficient foundation exists to connect these records to the accident (indeed, MMC00042 notes that the Plaintiff complains of a fall off a ladder).  The objection as to these documents (MC00039 to MC00044) will be **overruled**.  Whether the Court will admit the remaining documents (MMCbills00001 to MCBills00007) will likely depend on testimony at trial linking the medical care received on those days to the injuries received as a result of the accident.  Thus, as to the remaining pages in this Exhibit, the Court *reserves ruling*.  The Court does not, by this ruling, intend to comment on any issues the Defendants may raise concerning reasonableness of the bills.

2.      Exhibit No. 7:

Exhibit No. 7 consists of medical records dated December 31, 2003, January 7, 2004, a date in January 2004 that is illegible due to a hole punched in the document, January 16, 2004, and a statement of account that ranges in date from 2000 to January 21, 2004.  Again, at the hearing before the Court on February 16, 2007, Defendants represented that they do not object to the authenticity of the documents, which then leaves only the argument concerning foundation for reasonableness and relation to the accident. With regard to the records relating to treatment, the Court believes that sufficient foundation exists to connect these records to the accident (again, they specifically refer to the fall off a ladder).  The objection as to these documents (IPT00001 to IPT00006) will be **overruled**. Whether the Court will admit the remaining documents (IPTBills00001 to IPTBills00004) will likely depend on testimony at trial linking the medical care received on those days to the injuries received as a result of the accident.  Thus, as to the remaining pages in this Exhibit, the Court *reserves ruling*.  The Court does not, by this ruling, intend to comment on any issues the Defendants

2

may raise concerning reasonableness of the bills.

3.     Exhibit No. 10

Exhibit No. 10 consists of medical records from the Veterans Administration facility in Albuquerque, New Mexico.  The objection in grounds of hearsay (i.e., authenticity) is no longer at issue following the February 16, 2007, conference.  With regard to the remainder of the Defendants' objection, whether the Court will admit these documents (no bates numbers) will likely depend on testimony at trial linking the medical care received on the days represented by the pages in the exhibit to the injuries received as a result of the accident.  Thus, as to the entirety of Exhibit No. 10, the Court *reserves ruling*.

4.     Conclusion:

Accordingly, based upon the record herein, it is hereby ORDERED that Defendants' objections are **overruled** in part, as specified.  It is further ORDERED that the Court *reserves ruling* on the other documents addressed herein.

Dated at Denver, Colorado this 21st day of February, 2007.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

3